MEMORANDUM *
I
Bond argues that his 16-level sentencing enhancement under U.S.S.G. *206 § 2B1.1 for amount of loss between $1.0 and $2.5 million violates United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the district court, rather than the jury, made the factual finding regarding the amount of loss.[1] However, contrary to his assertion, “district courts are free to make factual determinations not made by the jury and may base their ultimate decisions regarding the length of a convicted criminal’s sentence on those determinations.” United States v. Staten, 466 F.3d 708, 719 (9th Cir.2006). The record provides sufficient evidence to support the trial judge’s findings.
II
Bond also argues that the district court erred in requiring him to pay restitution due to his financial condition. Under the Mandatory Victims Restitution Act (“MVRA”), imposition of restitution is mandatory, “without regard to a defendant’s economic situation.” United States v. Dubose, 146 F.3d 1141, 1143 (9th Cir. 1998); see also 18 U.S.C. § 3664(f)(1)(A). The case relied on by Bond stating the contrary, United States v. Ramilo, 986 F.2d 333 (9th Cir.1993), was decided prior to the MVRA’s passage.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided *206 by 9th Cir. R. 36-3.

. In a concurrently filed opinion, we consider whether the government withheld information from the defendant which it was required to disclose under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). United States v. Bond, 06-50628 (9th Cir.- — , 2008). The facts of the case are stated there; we need not repeat them here.